**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Jenna Bourgeois, et al.,<br>Plaintiff<br>-vs-<br>City of Mesa, et al.,<br>Defendants. | CV-24-3400-PHX-JFM<br><br>**Report & Recommendation**<br>**to Hon. Stephen M. McNamee**<br>**re Dismiss re Fees** |

This matter is before the undersigned magistrate judge awaiting consents pursuant to 28 U.S.C. § 636(c). Because the appropriate resolution of this matter is dispositive of claims or defenses, the undersigned proceeds by way of a Report & Recommendation to Senior District Judge McNamee, pursuant to 28 U.S.C. § 636(b)(1)(B) and General Order 21-25.

Plaintiff Bourgeois has filed a Complaint (Doc. 1) listing herself and "JP Christopher LP" as plaintiffs. The Complaint is signed only by Plaintiff Bourgeois. Plaintiff sought and was granted leave to proceed *in forma pauperis*. (*See* Order 12/4/24, Doc. 5.) However, "JP Christopher LP" (hereinafter "Plaintiff Christopher" has not filed an Application to Proceed In Forma Pauperis. To avoid payment of fees, each plaintiff must separately qualify for *in forma pauperis* status. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993). Moreover, only natural persons ("individuals") can qualify for *in forma pauperis* status. *Id.*

On December 4, 2024, Plaintiff Christopher was ordered to "either pay the filing fees for this action, or file an application to proceed in forma pauperis, which must include an assertion that 'JP Christopher LP' is a natural person."[1] (Order 12/4/24, Doc. 6.)

---

[1] The Order also addressed Plaintiff Bourgeois's inability to file suit on behalf of another

- 1 -

Plaintiff was cautioned that upon failure to do so Plaintiff JP Christopher LP "will be dismissed for failure to pay fees."

On December 16, 2024, Plaintiff Christopher's copy of the Order regarding fees (Doc. 6) was returned undeliverable (Doc. 11), as were other orders on the same date (Docs. 9, 10). In addition, Plaintiff Christopher's copy of the Order filed December 11, 2014 (Doc. 8) was returned undeliverable on December 26, 2024. To date, Plaintiff JP Christopher LP has neither paid the fees nor filed an application to proceed *in forma pauperis*, nor filed a notice of change of address as required by Local Rule of Civil Procedure 83.3(d).[2] Plaintiff's failure to pay the fees or otherwise comply with the Court's Order is a failure to prosecute this case.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action." *In Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (*quoting*

---

party, and directed a Notice of Adoption signed by Plaintiff Christopher, or an amended complaint omitting Plaintiff Christopher. Neither have been filed, and the time to do so has run. In addition, on January 6, 2025 District Judge Tuchi issued an OSC (Doc. 13) regarding Plaintiff Bourgeois's failure to comply with LRCiv 3.7(b), setting a hearing for January 28, 2025.

[2] The Notice to Self-Represented Litigant warned of the need to file a notice of change of address under LRCiv 83.3(d). (Doc. 4 at 5.)

*Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first (**expeditious resolution**), second (**docket management**), and third (**prejudice**) factors favor dismissal of this case. Plaintiff's failure to pursue an IFP application or pay the fees prevents the case from proceeding in the foreseeable future. The fourth factor (**merits**), as always, weighs against dismissal. The fifth factor (**alternatives**) requires the court to consider whether a less drastic alternative is available. Here, monetary sanctions are unlikely to be effective. Plaintiff's complete failure to respond in the face of warnings of dismissal suggests simple abandonment of the case, and that other administrative or evidentiary sanctions will be ineffective.

The undersigned finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the undersigned finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint and this action shou8ld therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE RECOMMENDED** Plaintiff JP Christopher LP be **DISMISSED WITHOUT PREJUDICE**.

### EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

However, pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have

fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

In addition, the parties are cautioned Local Civil Rule 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated: January 13, 2025

24-3400r RR 25 01 13 re Dismiss re Fees.docx

James F. Metcalf
United States Magistrate Judge